**1**

**2**

**3**

**4**

**5**  UNITED STATES DISTRICT COURT

**6**  FOR THE NORTHERN DISTRICT OF CALIFORNIA

**7**  OAKLAND DIVISION

**8**

**9**  FREEDOM INVESTORS CORP.,  |  Case No: C 17-3914 SBA

**10**  Petitioner,  |  **ORDER DENYING PETITION TO VACATE AND GRANTING CROSS-PETITION TO CONFIRM ARBITRATION AWARD**

**11**  vs.

**12**  ZENAIDA P. GANTAN,  |  Dkt. 24, 30

**13**  Respondent.

**14**

**15**  On June 7, 2017, a Financial Industry Regulatory Authority ("FINRA") arbitration

**16**  panel rendered an award ("Award") in favor of Zenaida Gantan ("Gantan") on her claims

**17**  against Freedom Investors Corporation ("Freedom"). Thereafter, Freedom commenced the

**18**  instant action by filing a Petition to Vacate Arbitration Award. Gantan, in turn, filed a

**19**  Cross-Petition to Confirm FINRA Arbitration Award. Magistrate Judge Sallie Kim ("the

**20**  Magistrate") was originally assigned to this case. Because Gantan declined to consent to

**21**  the Magistrate's jurisdiction, the matter was reassigned to this Court. In conjunction with

**22**  the reassignment order, the Magistrate issued a Report and Recommendation ("R&R") in

**23**  which she recommends denying Freedom's petition.

**24**  This matter is now before the Court on Freedom's Motion for De Novo

**25**  Determination of Dispositive Matter Referred to Magistrate Judge. In its motion, Freedom

**26**  objects to certain of the Magistrate's findings and recommendations and requests that the

**27**  court vacate the Award. Gantan agrees that Freedom's objections are subject to de novo

**28**  review, but opposes Freedom's objections and seeks to confirm the Award. Having read

and considered the papers submitted, and being fully informed, the Court GRANTS

Freedom's request for de novo review, OVERRULES Freedom's objections, DENIES

Freedom's petition to vacate and GRANTS Gantan's cross-petition to confirm the Award.

The Court, in its discretion, finds this matter suitable for resolution without oral argument.

See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I.     BACKGROUND

## A.     FINRA ARBITRATION PROCEEDINGS

On October 29, 2014, Gantan, an elderly widow, filed a Statement of Claim with

FINRA against Merrimac Corporate Securities, Inc. ("Merrimac"), the brokerage firm

where she maintained a brokerage account. Oakes Decl. ¶ 9, Dkt. 28-1.[1] Gantan alleged

that Chad Thompson ("Thompson"), a Merrimac broker and representative, had "churned"

her account in violation of FINRA rules as well as various federal and state securities laws.

Claimant's Pre-Hearing Br. at 8, Dkt. 28-10. Churning involves initiating excessive

transactions for the purpose of generating commissions. Id. at 1, 4-5.

After commencing the arbitration proceeding, Gantan sought leave to amend her

Statement of Claim to join Freedom, among others, as an additional respondent, and to add

a cause of action for successor firm liability. Award at 3, Dkt. 28-11. In her motion for

leave, Gantan alleged that Freedom was a "continuance" of Merrimac. Claimant's Pre-

Hearing Br. at 1-3. Freedom responded, inter alia, that it could not be held liable as

Merrimac's successor because it never entered into any merger or other agreement under

which Freedom would assume the liabilities of Merrimac. Resp't's Answer at 2-6, Dkt. 28-

7. FINRA granted Gantan's request for leave to file an Amended Statement of Claim.

Award at 3; Ruling and Order Re: Claimant's Mot. to File First Am. Stmt. of Claim and

Add Parties, Dkt. 28-6.

---

[1] FINRA is a self-regulatory organization to which virtually all brokerage firms, including Freedom, belong. Oakes Decl. ¶ 3, Dkt. 28-1. Claims against FINRA members are governed by FINRA's arbitration rules and procedures. Id. ¶¶ 6, 7, 9. The matter, styled as Zenaida P. Gantan v. Freedom Investors Corp. et al., FINRA Case No. 14-03343 (the "Arbitration"), was venued in San Francisco, California. Id. ¶ 5.

The arbitration began on May 8, 2017, and concluded on May 10, 2017.  Oakes

Decl. ¶ 19.  After the conclusion of Gantan's case-in-chief, Freedom and Apex, another

alleged successor to Merrimac, orally moved to dismiss the claims against them.  Award at

4.  A three-person arbitration panel denied the motion "based on the credible evidence that

Freedom and Apex were successors to Merrimac."  Id.

On June 7, 2017, a unanimous arbitration panel issued its Award in Gantan's favor.

Award at 4-7.  The panel held Freedom and Merrimac jointly and severally liable for

$210,487 in compensatory damages and $5,162 in costs.  Award at 5.  The panel denied

Gantan's request for punitive damages.  Id. at 7.

## B.    THE INSTANT PROCEEDINGS

On July 11, 2017, Freedom filed a Petition to Vacate Arbitration Award in this

Court.  Pet., Dkt. 1.  As grounds for vacatur, the petition alleges arbitrator misconduct and

that the arbitration panel exceeded its authority, pursuant to 9 U.S.C. § 10(a)(3) and (4),

respectively.  Id. at 7, 9.

On August 29, 2017, Gantan filed her Answer to the petition and opposition thereto,

and cross-petitioned to confirm the Award.  Dkt. 18, 19, 20.

On September 7, 2017, Gantan filed a declination to consent to the jurisdiction of a

magistrate judge.  Dkt. 23.  On the same day, the Magistrate issued an R&R, which

recommends the Court deny Freedom's petition to vacate.  Dkt. 24.  For reasons not

articulated in the R&R, the Magistrate made no recommendation on the merits of Gantan's

cross-petition to confirm the Award.  See Dkt. 24 at 4.  The matter was subsequently

reassigned to this Court.  Dkt. 26.

Freedom has now filed a motion for de novo review of the R&R in which it objects

to the Magistrate's R&R.  Dkt. 30.[2]  In response, Respondent filed a combined opposition

_____

[2] Freedom did not object to the Magistrate's recommendations regarding its petition
to vacate pursuant to 9 U.S.C. § 10(a)(3).  The Court finds no clear error on the face of that
recommendation.  See Fed. R. Civ. P. 72, advisory committee notes (1983) (noting that in
the absence of a timely objection, the Court "need only satisfy itself that there is no clear
error on the face of the record in order to accept the recommendation) (citing Campbell v.
U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

and cross-petition to confirm the arbitration award. Dkt. 32, 34. The matter has been fully briefed and is ripe for adjudication.

## II.     LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge. 28 U.S.C. § 636(b)(1)(B); N.D. Cal. L.R. 72-3. The district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Fed. R. Civ. P 72(b)(1); see Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Factual findings are reviewed for clear error. Quinn v. Robinson, 783 F.2d 776, 791 (9th Cir. 1986). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, the Court may consider further evidence or remand the matter to the magistrate judge with instructions. Id.

## III.    DISCUSSION

"Under the terms of [9 U.S.C.] § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008).[3] "Under the statute, 'confirmation is required even in the face of erroneous findings of fact or misinterpretations of law.'" Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003) (en banc). Judicial review under the FAA is "both limited and highly deferential." Sheet Metal Workers' Int'l. Assn. Local Union No. 359 v. Madison Indus., Inc. of Ariz., 84 F.3d 1189, 1190 (9th Cir. 1996).

"[Sections] 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification." Hall St., 552 U.S. at 584. Relevant here is section 10, which provides that a district court may vacate an arbitral award:

---

[3] The prevailing party must seek confirmation "within one year after the [arbitration] award is made." 9 U.S.C. § 9.

**1**

      (1) where the award was procured by corruption, fraud, or undue means;

**2**

**3**

      (2) where there was evident partiality or corruption in the arbitrators, or either of them;

**4**

      (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

**5**

**6**

**7**

      (4) *where the arbitrators exceeded their powers*, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

**8**

**9** 9 U.S.C. § 10(a) (emphasis added). Section 10 of the FAA creates "an extremely limited

**10** review authority" that is "designed to preserve due process but not to permit unnecessary

**11** public intrusion into private arbitration procedures." Kyocera, 341 F.3d at 998; see also

**12** Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 568 (2013) ("Under the FAA, courts

**13** may vacate an arbitrator's decision 'only in very unusual circumstances.'") (citations

**14** omitted). "The burden of establishing grounds for vacating an arbitration award is on the

**15** party seeking it." U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th

**16** Cir. 2010).

**17**       Freedom's motion relies on section 10(b)(4), which applies to cases "where the

**18** arbitrators exceeded their powers[.]" 9 U.S.C. § 10(a)(4). A party seeking relief under

**19** section 10(a)(4) faces a "high hurdle." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559

**20** U.S. 662, 671 (2010). "It is not enough for petitioners to show that the panel committed an

**21** error—or even a serious error." Id. Rather, a court must uphold an arbitrator's decision

**22** unless it is "completely irrational ... or exhibits a manifest disregard of law[.]" Kyocera,

**23** 341 F.3d at 997 (internal quotations and citations omitted).

**24**       Freedom contends that the Magistrate erred in finding that the Award "was not

**25** completely irrational." Petr's' Mot. at 9. In particular, Freedom asserts that the Magistrate

**26** "unfairly ignored" its contention that "there is absolutely no basis for the claim that

**27** Freedom is a successor to Merrimac." Id. at 11. Freedom is correct that the Magistrate's

**28** R&R does not specifically address its contention that the arbitration panel had no evidence

upon which it could conclude that Freedom was Merrimac's successor. <u>See</u> R&R at 6; Pet. at 11-17.[4] That apparent omission is inapposite, however. On de novo review, this Court applies the same standards applied by the Magistrate, without any particular deference to her findings or conclusions. <u>See</u> <u>United States v. Koenig</u>, 912 F.2d 1190, 1193 (9th Cir. 1990). Thus, the fact that the Magistrate failed to fully address Freedom's successor liability argument is not determinative of the salient question of whether Freedom has carried its heavy burden of demonstrating that vacatur of the Award is warranted.

Turning to the merits, the Court rejects Freedom's claim that the arbitration panel's finding of successor liability is "completely irrational" within the meaning of section 10(a)(4). The arbitration panel denied Freedom's motion to dismiss Gantan's claims upon finding that there was "credible evidence" that Freedom was a successor to Merrimac. Award at 4.[5] Freedom contends that the record was devoid of such evidence, but fails to support that conclusory assertion with any citations to the record. <u>See</u> Pet. at 16. In any event, the mere fact that the arbitration panel was unpersuaded by Freedom's argument that it was not a successor to Merrimac—even if that decision was erroneous—does not warrant vacatur of the Award under section 10(b)(4). <u>See</u> <u>Bosack v. Soward</u>, 586 F.3d 1096, 1106 (9th Cir. 2009) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute[.]"); <u>Kyocera</u>, 341 F.3d at 994 ("We have repeatedly held that an award may not be vacated even where there is a clearly erroneous finding of fact.").

Freedom's ancillary assertion that the arbitration panel "ignored" controlling law is likewise conclusory and unsupported. Petr's' Mot. at 12. "Manifest disregard for the law" is "something more than just an error in the law or a failure on the part of the arbitrators to

---

[4] The Court notes that Freedom's petition is not a model of clarity and it is therefore understandable that the Magistrate would overlook certain of Freedom's arguments.

[5] Although the arbitration panel did not specifically identify that evidence, it was not required to do so. <u>See</u> <u>Biller v. Toyota Motor Corp.</u>, 668 F.3d 655, 666 (9th Cir. 2012) (noting that an arbitrator's award "may be made without explanation of the reasons and without a complete record of their proceedings").

understand or apply the law." Lagstein v. Certain Underwriters at Lloyd's of London, 725 F.3d 1050, 1056 (9th Cir. 2013). Rather, "[t]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." Bosack, 586 F.3d at 1106 (citation omitted). Here, Freedom fails to identify any particular legal error of law by the arbitration panel, let alone present evidence that the panel *intentionally disregarded* the law. At their core, Freedom's arguments are nothing more than an invitation to reconsider the arbitration panel's decision, which both the Supreme Court and Ninth Circuit have made clear federal courts have no power to do. Hall St. Assocs., 552 U.S. at 585 (holding that a "general review for an arbitrator's legal errors" is not permitted); Bosack, 586 F.3d at 1104 ("Petitioner's argument amounts to an invitation to review the panel's factual findings and legal conclusions. We are prohibited from doing so."); Kyocera, 341 F.3d at 997 "[C]onfirmation is required even in the face of erroneous findings of fact or misinterpretations of law.").

## IV.  CONCLUSION

The Court finds that Freedom has failed to present any compelling grounds for vacating the Award, which otherwise meets the requirements for confirmation under 9 U.S.C. § 9. Accordingly,

IT IS HEREBY ORDERED THAT upon de novo review, Freedom's objections to the Magistrate's R&R are OVERRULED. The Court ACCEPTS the R&R, which shall become the Order of the Court. Petitioner Freedom's Petition to Vacate Arbitration Award is DENIED and Respondent Gantan's Cross-Petition to Confirm is GRANTED. The Award issued by the FINRA arbitration panel, dated June 7, 2017, is CONFIRMED.

IT IS SO ORDERED.

Dated: 4/3/18

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge